NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CARLOS HERRERA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NIKE, INC.,<br><br>Defendant. | Civil Action No. 23-02947<br><br>**OPINION**<br><br>June 25, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Nike, Inc.'s ("Defendant") Motion to Dismiss Carlos Herrera's ("Plaintiff") First Amended Complaint (ECF 14, "FAC"), pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and 12(b)(1). (ECF 17, "MTD.") Plaintiff opposed the motion. (ECF 21, "Opp.") Defendant filed a reply. (ECF 23, "Reply.") The Court has decided this motion upon the submissions of the parties, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Defendant's Motion to Dismiss is **GRANTED**.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY[1]

Plaintiff is visually impaired and legally blind. (ECF 14, FAC ¶ 5.) On or around February 2023, Plaintiff visited Defendant's website using a screen reading software called Voice Over, to

---

[1] The facts and procedural history are drawn from the First Amended Complaint (ECF 14, FAC), Defendant's Motion to Dismiss (ECF 17, MTD), Plaintiff's Opposition (ECF 21, Opp.), Defendant's Reply (ECF 23, Reply), and documents integral to or relied upon by the FAC. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). For the purposes of the Motion to Dismiss, the facts drawn from the FAC are accepted as true. *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).

determine whether to proceed in store for the purpose of trying on sneakers. (*Id.* ¶ 20.) However, the website's lack of accommodations effectively barred Plaintiff from learning of Defendant's offerings at in-store locations. (*Id*. ¶ 21.)  Many features on the site failed to accurately describe the contents of graphical images, failed to properly label titles, failed to distinguish one page from another, contained broken links, contained headings that do not describe the topic or purpose of the page, and contained text that was not read. (*Id.* ¶ 25.) These barriers denied Plaintiff the ability to use and enjoy Defendant's website the same way sighted individuals do. (*Id.* ¶ 26.)

On March 10, 2023, Plaintiff initially commenced this action in Hudson County Superior Court, which Nike subsequently removed. (ECF 1.) Plaintiff's putative class action alleges violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq*. (ECF 14, FAC at 7-9.) Plaintiff's second "cause of action" requested declaratory relief under the ADA. (*Id.* at 9.) Defendant moved to dismiss pursuant to Rule 12(b)(6) and Rule 12(b)(1). (ECF 17, MTD.) Plaintiff opposed, and Defendants replied. (ECF 21, Opp.; ECF 23, Reply.)

**II.      LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for "failure to state a claim upon which relief can be granted." For a complaint to survive dismissal under the Rule, it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Although the plausibility standard "does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (internal quotation marks and citations

omitted). As a result, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of [his] claims." *Id.* at 789.

Rule 12(b)(1) governs Defendant's motion to the extent it challenges Plaintiff's action on standing. *See J.A. v. Monroe Twp. Bd. of Educ.*, No. 20-09498, 2022 WL 970194, at *6 (D.N.J. March 31, 2022). "A challenge to subject matter jurisdiction under Rule 12(b)(1) may be either a facial or a factual attack." *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016). "The former challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" *Id.* (quoting *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006)). A factual challenge attacks the allegations underlying the complaint's assertion of jurisdiction, "either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis*, 824 F.3d at 346 (quoting *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014)).

Motions to dismiss for lack of standing are best understood as facial attacks. *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012) ("Defendants' Rule 12(b)(1) motions are properly understood as facial attacks because they contend that the [a]mended [c]omplaints lack sufficient factual allegations to establish standing."). In assessing a facial attack on subject matter jurisdiction under Rule 12(b)(1), courts must apply the familiar 12(b)(6) standard. *Id.* ("In evaluating whether a complaint adequately pleads the elements of standing, courts apply the standard of reviewing a complaint pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim"); *see also Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 73 (3d Cir. 2011) ("A dismissal for lack of statutory standing is effectively the same as a dismissal for failure to state a claim.").

### III. ANALYSIS

Defendant argues that the FAC must be dismissed under Rule 12(b)(6) because it fails to state a claim under Title III of the ADA. (ECF 17, MTD at 7-12.) Plaintiff argues that the allegations in the FAC sufficiently establish a nexus between the injuries on the website and the physical store and a nexus between the injuries and the website owned by Defendant so as to state a claim that survives dismissal. (ECF 21, Opp. at 2, 4-6.) Because Plaintiff's allegations are untethered to a specific physical store, the Court dismisses the FAC without prejudice and does not reach the standing arguments at this time.

"Under Title III of the ADA, it is unlawful for a public accommodation to discriminate against an individual on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations." *Regents of Mercersburg Coll. v. Republic Franklin Ins. Co.*, 458 F.3d 159, 164 (3d Cir. 2006). To establish a public-accommodation claim under the ADA, a plaintiff must show that (1) he is disabled, (2) the complained-of venue is a "public accommodation" under Title III of the ADA, and (3) the venue unlawfully discriminated against the plaintiff on the basis of his disability by failing to make a reasonable modification that was necessary to accommodate his disability. *Matheis v. CSL Plasma, Inc.*, 936 F.3d 171, 175 (3d Cir. 2019). A plaintiff whose claims have no nexus to the physical place of operation of the defendant's business cannot be discriminated against in connection with a public accommodation. *See, e.g., Ford v. Schering-Plough Corp.*, 145 F.3d 601, 613 (3d Cir. 1998) (holding that under Title III of the ADA, an insurance office must be physically accessible to the disabled but need not provide insurance that treats the disabled equally with the non-disabled); *see Demetro v. Nat'l Ass'n of Bunco Investigations*, No. 14-6521, 2019 WL 2612687, at *15 (D.N.J. June 25, 2019) ("[I]n the context of Title III of the Americans with Disabilities Act,

42 U.S.C. § 12182 ('ADA'), the term 'public accommodation . . . is limited to physical accommodations." (quoting *Peoples v. Discover Fin. Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010))) (emphasis added in *Demetro*).

Further, the Third Circuit has held that, in the context of Title III of the ADA, the term "public accommodation . . . is limited to physical accommodations." *Peoples v. Discover Fin, Servs., Inc.*, 387 F. App'x 179, 183 (3d Cir. 2010) (citing *Ford v. Schering-Plough Corp.*, 145 F.3d 601, 612 (3d Cir. 1998) (emphasis added). *See also Walker v. Sam's Oyster House, LLC*, No. 18-193, 2018 WL 4466076, at *2 (E.D. Pa. Sept. 18, 2018); *Bowers v. Nat'l Collegiate Athletic Ass'n*, 9 F. Supp. 2d 460, 483 (D.N.J. 1998) ("the Third Circuit has recently held, and quite rightly, that a public accommodation within the meaning of 42 U.S.C. § 12181(7) is a physical place." (citing *Ford*, 145 F.3d 601, 612)).

Here, Plaintiff fails to state a claim under the ADA. In order to be subject to the ADA, Defendant's website must bear some "nexus" to a physical place of public accommodation. *Menkowitz*, 154 F.3d at 120. To establish a nexus, Plaintiff must allege "an injury suffered in relation to the place of public accommodation." *Walker*, 2018 WL 4466076, at *2. Plaintiff's FAC mentions physical Nike locations near him but does not go as far as alleging any injury suffered with respect to a specific Nike store.[2] (ECF 14, FAC ¶ 18.) He alleges that the website frustrated him but did not tether his allegations to a specific location. (*Id.* ¶¶ 20-22, 24-26, 28-30.) As such, Plaintiff fails to state a claim under the ADA. Because the second "count" in his complaint is a request for declaratory relief under the ADA, the FAC is dismissed in its entirety.

---

[2] Plaintiff cannot introduce new factual allegations in his opposition. *See Pa. ex rel. Zimmerman v. Pepsico*, Inc., 836 F.2d 173, 181 (3d Cir. 1988) ("[i]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss.") (quotation and citation omitted). The Court has disregarded any new factual allegations introduced outside the pleadings in the FAC.

Of note, "Title III defendants cannot be liable for money damages." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 346 F.3d 402, 433 (3d Cir. 2003) (citations omitted). This is because "the ADA provides only prospective injunctive relief . . ." *Doe v. Law Sch. Admission Council, Inc.*, 791 F. App'x 316, 318 (3d Cir. 2019); *see also* 42 U.S.C. §§ 2000a-3(a), 12188 (Title III's only remedy is "preventative relief, including an application for a permanent or temporary injunction" to "any person who is being subjected to discrimination on the basis of disability . . ."). Here, Plaintiff and the putative class seek "damages, fees, costs, and injunctive relief" and an "award of costs and expenses of this action together with reasonable attorneys' and expert fees." (ECF 17, FAC at 6, 10). Because Title III does not provide monetary relief, Plaintiff may not seek damages here.

## IV.   CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF 17) is **GRANTED**. The First Amended Complaint (ECF 14) is dismissed without prejudice. An appropriate order follows.

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig:   Clerk
cc:     Jessica S. Allen, U.S.M.J.
        Parties